An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1443
NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

RAY NORTON HUNT,
 Plaintiff-Appellant,

 v.           Iredell County
             No. 11 CVD 1911

LINDSAY NICOLE DURFEE (now
COLLINSWORTH),
 Defendant-Appellee


Appeal by Plaintiff from order entered 9 September 2013 by Judge Deborah P. Brown in District Court, Iredell County. Heard in the Court of Appeals 6 May 2014.

> *Cranfill Sumner & Hartzog LLP, by Michelle D. Connell, for Plaintiff-Appellant.*
>
> *Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson and K. Edward Greene, for Defendant-Appellee.*

McGEE, Judge.

Ray Norton Hunt ("Plaintiff") and Lindsay Nicole Durfee ("Defendant") had a brief relationship that resulted in the birth of their minor child ("the child") in 2009, but they were never married. Plaintiff filed a complaint on 17 June 2011 seeking custody of the child, and Defendant filed a response to

the complaint on 4 August 2011. The trial court entered a temporary custody order on 27 August 2012.

After a hearing, the trial court entered a permanent custody order on 9 September 2013, in which it granted the parties joint legal and physical custody and ordered that the parties "shall continue the alternating week to week custodial schedule" until August 2015. The trial court further ordered that "[b]eginning the third week of August 2015, the primary custody of the [] child shall shift to [] Defendant," and that Plaintiff would have visitation every other Friday from 5:00 p.m. until Monday morning before school and each Wednesday from school dismissal until 8:00 p.m. Plaintiff appeals.

## I. Best Interests of the Child

Plaintiff first argues that "when making an initial child custody award, the trial court is to consider the best interests of the child under the current, existing conditions." This is not an argument on appeal so much as a statement of the rule to be applied in child custody cases. Indeed, at the conclusion of this section in Plaintiff's brief, Plaintiff requests no relief, but rather, asks this Court to affirm part of the custody order.

## II. Whether Trial Court Modified Custody

Plaintiff next argues that "the trial court does not have the authority to sua sponte modify custody of a minor child in

the initial permanent custody order based upon speculative future changes of circumstances." Plaintiff contends the "portion of the custody order awarding the parties joint legal and physical custody on an alternating weekly basis . . . should be affirmed."

Plaintiff challenges the portion of the order that provides a different custody arrangement beginning the third week of August 2015. Plaintiff contends there has not been a substantial change of circumstances to justify the modification occurring in August 2015, and cites N.C. Gen. Stat. § 50-13.7(a), regarding modification of a child custody order.

However, the trial court's order in the present case does not arise from the modification of a prior custody order. Rather, the trial court entered a single order providing for two different custody arrangements at two different times. Therefore, the provisions of N.C.G.S. § 50-13.7(a) do not apply.

III. Whether Findings Support a Substantial Change in Circumstances

Plaintiff next argues that "even if the trial court could properly modify future custody of the minor child in the initial permanent custody order, the findings of fact do not support a substantial change of circumstances." As discussed in the previous section of this opinion, the trial court did not modify the custody of the child. Thus, the provisions of N.C.G.S.

§ 50-13.7(a) regarding a substantial change in circumstances do not apply in the present case. Plaintiff has not shown that the trial court erred.

Affirmed.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).